IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ELLEN BARNES; FREEDOM IS BEAUTIFUL, INC.; RAVI BAJAGUR; SEVASYS, LLC; JOHN BEST; SIGNAL SEVA, LLC; HASMUKH BHADIYADRA; DHAIRYA, INC.; LANCE AFOLABI; CAMGOLAN ENTERPRISES, LLC; MARTIN ELLERTSON; RAYMOND TODD GREGGS; PAT GUARIGLIA; ME TIME, LLC; BRIAN HUNTER AND MADONNA HUNTER; BAM HUNTERS, INC.; LIONEL MARTINEZ; LIONEL MARTINEZ, LLC; NAVEEN GUPTA; ONESEVA, INC; NEELAM PATEL AND VIPUL PATEL; LEISHA ENTERPRISE, LLC; STEPHANIE SIMON AND DELLENA PRIESTER; NEW JOY, LLC; NIHARIKABEN PATEL; ANITA PARASHAR; ANITA ENTERPRISE, INC.; DON & LA'KETHA PRIOLEAUX, PRIOLEAUX, LLC; BEN RODRIGUEZ; RAZOR, LLC; SHUBHI SETHI; SHUMO GLOBAL LLC; VIJAY GUPTA; GLOW BEAUTY, INC.; ROBERT WILLIAMS; JENEM BEAUTE 1, INC.; JOHN SULLIVAN; JCS MANAGEMENT SYSTEMS, INC.; KIRAN THAKKAR; DIPTI THAKKAR; and SHREEJI BEAUTY, INC., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 4:21-cv-2415 |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| STAC BIZNESS SOLUTIONS LLC and SHAWNA AHO | ) ) ) | |
| Defendants. | ) ) | |

**COMPLAINT**

Plaintiffs, ELLEN BARNES; FREEDOM IS BEAUTIFUL, INC.; RAVI BAJAGUR; SEVASYS, LLC; JOHN BEST; SIGNAL SEVA, LLC; HASMUKH BHADIYADRA; DHAIRYA, INC.; LANCE AFOLABI; CAMGOLAN ENTERPRISES, LLC; MARTIN ELLERTSON; RAYMOND TODD GREGGS; PAT GUARIGLIA; ME TIME, LLC; BRIAN HUNTER; MADONNA HUNTER; BAM HUNTERS, INC.; LIONEL MARTINEZ; LIONEL MARTINEZ, LLC; NAVEEN GUPTA; ONESEVA, INC.; NEELAM PATEL; VIPUL PATEL; LEISHA ENTERPRISE, LLC; STEPHANIE SIMON AND DELLENA PRIESTER; NEW JOY, LLC; NIHARIKABEN PATEL; ANITA PARASHAR; ANITA ENTERPRISE, INC.; DON PRIOLEAU; LA'KETHA PRIOLEAU; PRIOLEAUX, LLC; BEN RODRIGUEZ; RAZOR, LLC; SHUBHI SETHI; SHUMO GLOBAL LLC; VIJAY GUPTA; GLOW BEAUTY, INC.; ROBERT WILLIAMS; JENEM BEAUTE 1, INC.; JOHN SULLIVAN; JCS MANAGEMENT SYSTEMS, INC.; KIRAN THAKKAR; DIPTI THAKKAR; and SHREEJI BEAUTY, INC., by and through their undersigned attorneys LOFTUS & EISENBERG, LTD., complain against, Defendants, STAC BIZNESS SOLUTIONS LLC and SHAWNA AHO as follows:

## I.      INTRODUCTION

1.      Seva Beauty, LLC ("Seva"), is a franchisor of the "Seva Beauty" system of fast casual spas throughout the nation. Defendants present the "Seva Beauty" franchise as a no-lose investment opportunity for significant passive income when, in reality, the business model is a no-win fiasco, with the exception of a select few experienced retailers who have no need for franchise support.

2. Stac Bizness Solutions, LLC is a bookkeeping firm whose principal Shawna Aho has a degree in accounting. Aho was employed by Seva at all times relevant hereto functioning as its chief financial officer and personally prepared Seva's disclosures used to sell franchises.

3. The disclosures prepared by Stac and used as the cornerstone of Seva's sales pitch were woefully incorrect and the negligence in preparation of this statements was the root cause of Plaintiffs being induced to purchase Seva franchises.

## II. PARTIES

4. Ellen Barnes ("Barnes") is a Missouri resident and Seva franchisee. Barnes is a shareholder of Freedom of Beautiful, Inc. and a guarantor of the franchise agreement with Seva.

5. Freedom is Beautiful, Inc. is a Missouri corporation with a principal office located at 5623 N. Ames Avenue, Kansas City, Missouri. Freedom is Beautiful, Inc. is a Seva franchisee.

6. Ravikumar Bajagur ("Bajagur") is a New Jersey resident and Seva franchisee. Bajagur is a member of SEVASYS, LLC and a guarantor of the franchise agreement with Seva.

7. SEVASYS, LLC is a New Jersey limited liability company with a principal office located in North Brunswick, New Jersey. SEVASYS, LLC is a Seva franchisee.

8. John Best ("Best") is a North Carolina resident and Seva franchisee. Best is a member of Signal Seva, LLC and a guarantor of the franchise agreement with Seva.

9. Signal Seva, LLC is a North Carolina limited liability company with a principal office located at [address]. Signal Seva, LLC is a Seva franchisee.

10. Hasmukh Bhadiyadra ("Bhadiyadra") is an Alabama resident and Seva franchisee. Bhadiyadra is a shareholder of Dhairya, Inc. and a guarantor of the franchise agreement with Seva.

11. Dhairya, Inc. is an Alabama corporation with a principal office located at 6243 Rime Village Drive, Huntsville, Alabama. Dhairya, Inc. is a Seva franchisee.

12. Lance Afolabi ("Afolabi") is a Georgia resident and Seva franchisee. Afolabi is a member of Camgolan Enterprises, LLC and a guarantor of the franchise agreement with Seva.

13. Camgolan Enterprises, LLC is a Georgia limited liability company with a principal office located at 1948 Austins Pointe Drive, Lawrenceville, Georgia. Camgolan Enterprises, LLC is a Seva franchisee.

14. Martin Ellertson ("Ellertson") is an Arizona resident and Seva franchisee.

15. Raymond Todd Greggs ("Greggs") is a North Carolina resident and Seva franchisee.

16. Pat Guariglia ("Guariglia ") is a Florida resident and Seva franchisee. Guariglia is a member of Me Time, LLC and a guarantor of the franchise agreement with Seva.

17. Me Time, LLC is a Florida limited liability company with a principal office located at 11681 Timberwood Road, Boca Raton, Florida. Me Time, LLC is a Seva franchisee.

18. Brian Hunter is a Pennsylvania resident and Seva franchisee. Brian Hunter is a shareholder of BAM Hunters, Inc. and a guarantor of the franchise agreement with Seva.

19. Madonna Hunter is a Pennsylvania resident and Seva franchisee. Madonna Hunter is a shareholder of BAM Hunters, Inc. and a guarantor of the franchise agreement with Seva.

20. BAM Hunters, Inc. is a Pennsylvania corporation with a principal office located at 1409 Juniper Avenue, Elkins Park, Pennsylvania. BAM Hunters, Inc. is a Seva franchisee.

21. Lionel Martinez ("Martinez") is an Oregon resident and Seva franchisee. Martinez is a member of Lionel Martinez, LLC and a guarantor of the franchise agreement with Seva.

22. Lionel Martinez, LLC is an Oregon limited liability company with a principal office located at 17051 Glendale Road, Bend Oregon. Lionel Martinez, LLC is a Seva franchisee.

23. Naveen Gupta ("N. Gupta") is a Virginia resident and Seva franchisee and officer and owner of OneSeva, Inc. with a principal office located at 5885 Kingstowne Blvd, Alexandria, VA 22315 is a Seva franchisee.

24. OneSeva, Inc. is a Virginia corporation with a principal office located at 5885 Kingstowne Blvd, Alexandria, VA 22315 is a Seva franchisee. OneSeva, Inc. is a Seva franchisee.

25. Neelam Patel ("Ne. Patel") is a Michigan resident and Seva franchisee. N. Patel is a member of Leisha Enterprise, LLC and a guarantor of the franchise agreement with Seva.

26. Vipul Patel ("V. Patel") is a Michigan resident and Seva franchisee. V. Patel is a member of Leisha Enterprise, LLC and a guarantor of the franchise agreement with Seva.

27. Leisha Enterprise, LLC is a Michigan limited liability company with a principal office located at 48740 Running Trout Lane, Northville, Michigan. Leisha Enterprise, LLC is a Seva franchisee.

28. Stephanie Simon ("Simon") is a Georgia resident and Seva franchisee. Simon is a member of New Joy, LLC and a guarantor of the franchise agreement with Seva.

29. Dellena Priester ("Priester") is a Georgia resident and Seva franchisee. Priester is a member of New Joy, LLC and a guarantor of the franchise agreement with Seva.

30. New Joy, LLC is a Georgia limited liability company with a principal office located at 6230 Millstone Trail, Douglasville, Georgia. New Joy, LLC is a Seva franchisee.

31. Niharikaben Patel ("Ni. Patel") is a Massachusetts resident and Seva franchisee.

32. Anita Parashar ("Parashar") is an Oregon resident and Seva franchisee. Parashar is a shareholder of Anita Enterprise, Inc. and a guarantor of the franchise agreement with Seva.

33. Anita Enterprise, Inc. is an Oregon corporation with a principal office located at 4075 Aerial Way, Eugene, Oregon. Anita Enterprise, Inc. is a Seva franchisee.

34. Don Prioleaux ("D. Prioleaux") is a Virginia resident and Seva franchisee. D. Prioleaux is a member of Prioleaux, LLC and a guarantor of the franchise agreement with Seva.

35. La'Ketha Prioleaux ("L. Prioleaux") is a Virginia resident and Seva franchisee. L. Prioleaux is a member of Prioleaux, LLC and a guarantor of the franchise agreement with Seva.

36. Prioleaux, LLC is a Virginia limited liability company with a principal office located at 14502 Penderlea Court, Gainesville, Florida. Prioleaux, LLC is a Seva franchisee.

37. Ben Rodriguez ("Rodriguez") is a Colorado resident and Seva franchisee. Rodriguez is a member of Razor, LLC and a guarantor of the franchise agreement with Seva.

38. Razor, LLC is a Colorado limited liability company with a principal office located at 3120 W. 41st Avenue, Denver, Colorado. Razor, LLC is a Seva franchisee.

39. Shubhi Sethi ("Sethi") is a Virginia resident and Seva franchisee. Sethi is a member of Shumo Global and a guarantor of the franchise agreement with Seva.

40. Shumo Global, LLC is a Virginia limited liability company with a principal office located at 3160 John Glenn St., Herndon, Virginia. Shumo Global is a Seva franchisee.

41. Vijay Gupta ("V. Gupta") is a New Jersey resident and Seva franchisee. V. Gupta is a shareholder of Glow Beauty, Inc. and a guarantor of the franchise agreement with Seva.

42. Glow Beauty, Inc. is a New Jersey corporation with a principal office located at 306 US Highway 9N, Woodbridge, New Jersey. Glow Beauty, Inc. is a Seva franchisee.

43. Robert Williams ("Williams") is a Minnesota resident and Seva franchisee. Williams is a shareholder of JenEm Beaute 1, Inc. and a guarantor of the franchise agreement with Seva.

44. JenEm Beaute 1, Inc. is a Minnesota corporation with a principal office located at 7390 Queensland Lane North, Maple Grove, Minnesota. JenEm Beaute 1, Inc. is a Seva franchisee.

45. John Sullivan ("Sullivan") is a Maryland resident and Seva franchisee. Sullivan is a shareholder of JCS Management Systems, Inc. and a guarantor of the franchise agreement with Seva.

46. JCS Management Systems, Inc. is a Maryland corporation with a principal office located at 617 Dunkirk Road, Baltimore, Maryland. JCS Management Systems, Inc. is a Seva franchisee.

47. Kiran Thakkar ("Thakkar") is a New York resident and Seva franchisee. Thakkar is a shareholder of Shreeji Beauty, Inc. and a guarantor of the franchise agreement with Seva.

48. Dipti Thakkar is a New York resident and Seva franchisee. Thakkar is a shareholder of Shreeji Beauty, Inc. and a guarantor of the franchise agreement with Seva.

49. Shreeji Beauty, Inc., is a New York corporation with a principal office located at 970 Newbridge Road, North Bellmore, New York. Shreeji Beauty, Inc. is a Seva franchisee.

50. Defendant, STAC Bizness Solutions, LLC ("Stac") is, and at all times relevant to this action has been, a bookkeeping and payroll services company, with its principal place of business in The Woodlands, Texas. STAC performed bookkeeping and accounting services for Seva.

51. Defendant, Shawna Aho ("Aho") is, and at all times relevant to this action has been, the Owner of STAC, with her principal place of business in The Woodlands, Texas. Aho, as Owner of STAC, performed bookkeeping and accounting services for Seva.

## III. JURISDICTION AND VENUE

52. This court has diversity jurisdiction with respect to Plaintiffs' claims against Defendants pursuant to 28 U.S.C. § 1332 because there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

53.     This court has personal jurisdiction over Defendants pursuant to Tex. Civ. Prac. & Rem. Code § 17.042 as the acts and omissions occurred in this jurisdiction.

54.     Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2).

## IV.     FACTS COMMON TO ALL COUNTS

55.     Seva sells "fast-casual spa" franchises that provide brow-shaping, facial "threading," lash extensions, facial treatments, and various forms of skincare and similar treatments.

56.     Plaintiffs each purchased a franchise from Seva (the "Franchises") and started operations between 2015 and 2018.

57.     Plaintiffs each relied on a Franchise Disclosure Document ("FDD") including an Item 19 financial disclosure that was drafted by Defendants.

58.     FDDs are a heavily regulated disclosure intended to provide prospective franchisees with accurate information regarding the franchise they are purchasing.

59.     The FTC Rules, 16 CFR 436.5, provides in pertinent part: "If the franchisor makes any financial performance representation to prospective franchisees, the franchisor must have a reasonable basis and written substantiation for the representation at the time the representation is made and must state the representation in the Item 19 disclosure."

60.     Financial performance representations as contained in Item 19 of an FDD are one of the most important parts of such a document and can form a critical factor in the decision of a prospective franchisee to purchase or not purchase a franchise. Most franchisees place great store on reported results (whether gross sales, income or otherwise) contained in a formal document and will assume that the results reported are a fair presentation of past performance, have been prepared responsibly and are not misleading.

61. However, if those results have been prepared or presented negligently and are misleading, the prospective franchisee is at risk of having made a seriously erroneous decision to invest in the franchised business and might be faced with loss of his or her investment.

62. Franchisors are prohibited from "cherry-picking" there best performing outlets for inclusion in the Item 19 disclosure. In the Statement of Basis and Purpose issued by the FTC when it amended the FTC Rule in 2007, the FTC noted its efforts to prevent cherry-picking the top performers and the standard of care requires that if a franchisor discloses data from its best performing outlets, it must provide a corresponding sample of the worst performing outlets

63. Note also that reported results may be mathematically accurate but still not a fair representation of units' past performance and could therefore be seriously misleading.

64. The FTC has determined that "one of the most frequent abuses occurring in the marketing of franchises is the use of deceptive past and potential franchise sales, income, and profit claims. Indeed, the Commission stated that the "use of deceptive and inaccurate profit and loss statements by franchisors has resulted in a legion of 'horror stories" and that "misleading financial performance claims are the most common allegation in Commission franchise law enforcement actions."

65. In general, a franchisor may make an FPR based on a subset of outlets but only if the FPR based on the subset (a) has a reasonable basis, (b) is accurate, and (c) is not misleading.

66. Defendants were retained as Seva's bookkeepers and were also retained directly by numerous Seva franchisees including many Plaintiffs.

67. Stac was retained by Seva on a flat fee and Aho functioned as the firm's chief financial officer handling all of its financial matters.

68. Stac also worked directly for countless Seva franchises including several plaintiffs but concealed that Stac also worked for the franchisor.

69. Defendants had no knowledge or expertise in franchise law but did know they were creating something that would be relied on by hundreds of franchisees when choosing to invest hundreds of thousands of dollars.

70. Defendants were tasked with preparing the Item 19 FDD disclosure for Seva for the FDD's relied on by Plaintiffs when purchasing a franchise between 2014 and 2017.

71. Defendants were given a sample Item 19 from a similar franchise and directed by Seva to prepare a similar disclosure based on financial documents of franchises given to Defendants.

72. Despite having no base of knowledge of franchise law, Aho accepted the assignment and proceeded to prepare the Item 19 disclosures.

73. Defendants knew the Item 19 disclosure was going to be given to Plaintiffs to induce them to purchase franchises.

74. Defendants knew Plaintiffs would rely on the information contained in the Item 19 disclosure prepared by Stac.

75. Defendants knew the disclosures needed to provide an accurate representation of the success, or in this case, failure of Seva franchises.

76. Aho offered to Seva to prepare disclosures limited to only the most profitable stores and prepared several draft groupings of successful franchises to include in the Item 19.

77. Defendants completed a disclosure limited to the most profitable stores knowing that it would not be an accurate representation of Seva's franchise system.

78. Defendants cherry-picked the most profitable stores to include in the Item 19 disclosure in order to improve Seva's marking efforts.

79. Aho stated in an email to Seva's President: "Once I run the total P&L numbers, I want to only use the stores on Item 19 that result in the highest profit numbers" and "I added eight studios to the report and it lowered the cash flow to 84,000. So I would like to drop several of those locations and just run the Item 19 with a total of ten studios to get the cash flow up to 104,000."

80. The Item 19 disclosures drafted by Defendants erroneously indicated that the franchises were very profitable with total revenues in excess of $260,000 and that franchisees could earn profits in excess of $80,000.

81. The disclosures negligently prepared by Defendants were limited to a tiny handful of less than 10% of the stores limited to the most profitable in direct violation of controlling regulations and the standard of care for anyone preparing an Item 19 disclosure.

82. In reality the franchises during the relevant time period earned less than half the gross revenues of what was represented in Stac's disclosure and few earned any profits.

83. Controlling regulations and the standard of care for individuals preparing an Item 19 Disclosure required the disclosure of an accurate sampling of stores rather than cherry-picking the most profitable as done by Defendants.

84. The Franchises purchased by Plaintiffs were huge failures, some with no profits and all with substantial losses.

85. Plaintiffs in fact relied on the FDD Item 19 disclosures prepared by Defendants when choosing to purchase a Seva Franchise.

86. Were it not for the Item 19 disclosures Plaintiffs would not have purchased the franchises and suffered collectively over $20,000,000 in losses.

87. Plaintiffs invested their time and money into Seva's offer communicated in their FDD based on the promise of over $500,000 in profits per franchise.

88. Many of the Plaintiffs tapped into 401(k) or savings accounts in order to fund the ventures. As the Franchises failed and needed additional cash to maintain operations, many of the Plaintiffs dug deeper into their savings or were forced to take out business loans.

89. After years of accumulating losses, many of the Plaintiffs were able to mitigate their losses by selling their Franchise for a significant loss.

90. Stac and Aho concealed their involvement in drafting the Item 19 disclosure from Plaintiffs. Their direct involvement in drafting the Item was not discovered by Plaintiffs until on or about November 4, 2020.

## V. CLAIMS

### <u>COUNT I</u>
### *Negligent Misrepresentation*

91. All Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 90 of the Complaint as Paragraph 91 of Count I of the Complaint as though fully set forth herein.

92. Stac and Aho owed plaintiffs a duty to prevent foreseeable harm where they had actual knowledge that Plaintiffs would be relying on the representations made in the Item 19 disclosures prepared.

93. Stac and Aho breached their duty of ordinary care by:

    a. Violating FTC Rules by preparing a misleading Item 19 Disclosure;

    b. Disregarding readily available facts when preparing a disclosure they knew Plaintiffs' would rely on when buying a franchise;

c. Limiting the Item 19 disclosures to profitable stores despite actual knowledge that Plaintiffs would rely on the representations they made; and

d. Was otherwise carless and negligent as alleged herein.

94. As a direct and proximate result of Stac and Aho's breaches of duty as detailed herein, Plaintiffs and the Class have been damaged in an amount to be proven at trial.

WHEREFORE, Plaintiffs, ELLEN BARNES; FREEDOM IS BEAUTIFUL, INC.; RAVI BAJAGUR; SEVASYS, LLC; JOHN BEST; SIGNAL SEVA, LLC; HASMUKH BHADIYADRA; DHAIRYA, INC.; LANCE AFOLABI; CAMGOLAN ENTERPRISES, LLC; MARTIN ELLERTSON; RAYMOND TODD GREGGS; PAT GUARIGLIA; ME TIME, LLC; BRIAN HUNTER AND MADONNA HUNTER; BAM HUNTERS, INC.; LIONEL MARTINEZ; LIONEL MARTINEZ, LLC; NAVEEN GUPTA; ONESEVA, INC; NEELAM PATEL AND VIPUL PATEL; LEISHA ENTERPRISE, LLC; STEPHANIE SIMON AND DELLENA PRIESTER; NEW JOY, LLC; NIHARIKABEN PATEL; ANITA PARASHAR; ANITA ENTERPRISE, INC.; DON & LA'KETHA PRIOLEAUX, PRIOLEAUX, LLC; BEN RODRIGUEZ; RAZOR, LLC; SHUBHI SETHI; SHUMO GLOBAL LLC; VIJAY GUPTA; GLOW BEAUTY, INC.; ROBERT WILLIAMS; JENEM BEAUTE 1, INC.; JOHN SULLIVAN; JCS MANAGEMENT SYSTEMS, INC.; KIRAN THAKKAR; DIPTI THAKKAR; and SHREEJI BEAUTY, INC., respectfully request an award against Defendants, STAC BIZNESS SOLUTIONS LLC and SHAWNA AHO in an amount in excess of $15,0000,000 to be determined at trial and for any and all other relief deemed necessary and appropriate under the circumstances.

<u>**COUNT II**</u>
*Violation of Minnesota Franchise Act (MFA)*

95. Robert Williams and JenEm Beute 1, Inc. repeat and reallege the allegations contained in Paragraphs 1 through 90 of the Complaint as Paragraph 95 of Count II of the Complaint as though fully set forth herein.

96. The MFA, provides:

No person may offer or sell a franchise in this state by means of any written or oral communication which includes an untrue statement of a material fact or which omits to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading.

(Minn. Stat. § 80C.13.)

97. The MFA provides:

Every person who directly or indirectly controls a person liable under this Section 26, every partner in a firm so liable, every principal executive officer or director of a corporation so liable, every manager of a limited liability company so liable, **every person occupying a similar status or performing similar functions**, **and every employee of a person so liable, who materially aids in the act or transaction constituting the violation, is also liable jointly and severally with and to the same extent as such person,** unless said person who otherwise is liable had no knowledge or reasonable basis to have knowledge of the facts, acts or transactions constituting the alleged violation.

(Minn. Stat. § 80C.17, Emphasis Added.)

98. Stac was employed by the Franchisor and performed the function of drafting the Item 19 disclosure and materially aided in the misrepresentations.

99. Through the means described above, Aho represented, expressly or by implication, in the Item 19 disclosure issued in Minnesota and directed at Plaintiffs but only included the most profitable franchises.

100. Aho intended for Plaintiffs to rely on her negligent misrepresentations and induced them to purchase a franchise and related services including bookkeeping services from Stac.

101.	Defendants' misleading statements occurred during the marketing and sale of Defendants' business and related services in the course of trade and commerce in the state of Minnesota.

102.	As a result of Defendant's violations of the MFA as described herein, Plaintiffs have been harmed and suffered actual damages and injury-in-fact caused by Defendants' negligent deception.

WHEREFORE, Plaintiffs, ROBERT WILLIAMS and JENEM BEUTE 1, INC., respectfully request an award against Defendants, STAC BIZNESS SOLUTIONS LLC and SHAWNA AHO in an amount in excess of $500,000 to be determined at trial and for any and all other relief deemed necessary and appropriate under the circumstances.

## COUNT III
### *Violation of Maryland Franchise Registration and Disclosure Law (MFRDL)*

103.	John Sullivan and JCS Management Systems, Inc. repeats and realleges the allegations contained in Paragraphs 1 through 90 of the Complaint as Paragraph 103 of Count III of the Complaint as though fully set forth herein.

104.	The Maryland Franchise Registration and Disclosure Law (MFRDL) subjects to civil liability a franchisor who fails to disclose a material fact to a prospective franchisee. Specifically, Md. Code Ann., Bus. Reg. § 14-229 of the MFRDL states that in connection with the sale of a franchise, a person may not: (1) employ a device, scheme, or artifice to defraud; (2) make an untrue statement of a material fact or omit to state a material fact necessary in order to make the statement made, in light of the circumstances under which it is made, not misleading; or (3) engage in an act, practice, or course of business that operates or would operate as a fraud or deceit on another person.

105. The MFRDL provides for joint and several liability against "each other person that has a similar status or performs similar functions as a person liable under this section; and (v) each employee of a person liable under this section, if the employee materially aids in the act or transaction that is a violation under this subtitle" Md. Code Ann., Bus Reg. § 14-227(d)(1)(I)).

106. Aho was employed by the Franchisor and performed the function of drafting the Item 19 disclosure and materially aided in the misrepresentations.

107. Stac was employed by the Franchisor and performed the function of drafting the Item 19 disclosure and materially aided in the misrepresentations.

108. Through the means described above, Aho represented, expressly or by implication, in the Item 19 disclosure issued in Maryland and directed at Plaintiffs but only included the most profitable franchises.

109. Aho intended for Plaintiffs to rely on her negligent misrepresentations and induced them to purchase a franchise and related services including bookkeeping services from Stac.

110. Defendants' misleading statements occurred during the marketing and sale of Defendants' business and related services in the course of trade and commerce in the state of Maryland.

111. As a result of Defendant's violations of the MFRDL as described herein, Plaintiffs have been harmed and suffered actual damages and injury-in-fact caused by Defendants' negligent deception.

WHEREFORE, Plaintiffs, JOHN SULLIVAN and JCS MANAGEMENT SYSTEMS, INC. respectfully request an award against Defendants, STAC BIZNESS SOLUTIONS LLC and SHAWNA AHO in an amount in excess of $500,000 to be determined at trial and for any and all other relief deemed necessary and appropriate under the circumstances.

**<u>COUNT IV</u>**
*Violation of Michigan Franchise Investment Law  (MFIL)*

112.    Neelam Patel, Vipul Patel, and Leisha Enterprises, LLC, repeats and realleges the allegations contained in Paragraphs 1 through 90 of the Complaint as Paragraph 112 of Count IV of the Complaint as though fully set forth herein.

113.    The MFIL provides:

> A person shall not, in connection with the filing, offer, sale, or purchase of any franchise, directly or indirectly:
> (a) Employ any device, scheme, or artifice to defraud.
> (b) Make any untrue statement of a material fact or omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading.
> (c) Engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

(MCLS § 445.1505.)

114.    The MFIL provides:

> A person who directly or indirectly controls a person liable under this act, a partner in a firm so liable, a principal executive officer or director of a corporation so liable, a person occupying a similar status or performing similar functions**, an employee of a person so liable who materially aids in the act or transaction constituting the violation**, is also liable jointly and severally with and to the same extent as the person, unless the other person who is so liable had no knowledge of or reasonable grounds to believe in the existence of the facts by reason of which the liability is alleged to exist.

(MCLS § 445.1532, Emphasis Added.)

115.    Aho was employed by the Franchisor and performed the function of drafting the Item 19 disclosure and materially aided in the misrepresentations.

116.    Stac was employed by the Franchisor and performed the function of drafting the Item 19 disclosure and materially aided in the misrepresentations.

117. Through the means described above, Aho represented, expressly or by implication, in the Item 19 disclosure issued in Michigan and directed at Plaintiffs but only included the most profitable franchises.

118. Aho intended for Plaintiffs to rely on her negligent misrepresentations and induced them to purchase a franchise and related services including bookkeeping services from Stac.

119. Defendants' misleading statements occurred during the marketing and sale of Defendants' business and related services in the course of trade and commerce in the state of Michigan.

120. As a result of Defendant's violations of the MFIL as described herein, Plaintiffs have been harmed and suffered actual damages and injury-in-fact caused by Defendants' negligent deception.

WHEREFORE, Plaintiffs, NEELAM PATEL, VIPUL PATEL, and LEISHA ENTERPRISES, LLC, respectfully request an award against Defendants, STAC BIZNESS SOLUTIONS LLC and SHAWNA AHO in an amount in excess of $500,000 to be determined at trial and for any and all other relief deemed necessary and appropriate under the circumstances.

### COUNT V
*Violation of Virginia Retail Franchise Act (VRFA)*

121. Don Prioleaux, La'Ketha Prioleaux, Prioleaux, LLC, Shubhi Sethi, Shumo Global, LLC, Naveen Gupta, OneSeva, Inc., repeats and realleges the allegations contained in Paragraphs 1 through 90 of the Complaint as Paragraph 121 of Count V of the Complaint as though fully set forth herein.

122. The VRFA provides:

It shall be unlawful for any person, in connection with the sale or offer to sell a franchise in this Commonwealth, directly or indirectly: 1. To employ any device,

scheme, or artifice to defraud; 2. **To make any untrue statement of a material fact or to omit to state a material fact necessary in order to avoid misleading the offeree**; 3. To engage in any transaction, practice, or course of business that operates or would operate as a fraud or deceit upon the franchisee; or 4. To fail to provide the franchisee a copy of (i) the franchise agreement and (ii) such disclosure document as may be required by rule or order of the Commission

Va. Code Ann. § 13.1-563. (Emphasis Added).

123.     The VFRA  provides:

*"Controlling person"* means a natural person who is an officer, director, or partner, or who occupies a similar status or performs a similar function, of a franchisor organized as a corporation, partnership, or other entity, **or any person who possesses, directly or indirectly, the power to direct or cause the direction of the management and policies of a franchisor**, whether through the ownership of voting securities, **by contract**, or otherwise.

Va. Code Ann. § 13.1-559. (Emphasis Added).

124.    Aho was employed by the Franchisor and performed the function of drafting the Item 19 disclosure and materially aided in the misrepresentations.

125.    Stac was employed by the Franchisor and performed the function of drafting the Item 19 disclosure and materially aided in the misrepresentations.

126.    Through the means described above, Aho represented, expressly or by implication, in the Item 19 disclosure issued in Virginia and directed at Plaintiffs but only included the most profitable franchises.

127.    Aho intended for Plaintiffs to rely on her negligent misrepresentations and induced them to purchase a franchise and related services including bookkeeping services from Stac.

128.    Defendants' misleading statements occurred during the marketing and sale of Defendants' business and related services in the course of trade and commerce in the state of Virginia.

129.    As a result of Defendant's violations of the VFRA as described herein, Plaintiffs have been harmed and suffered actual damages and injury-in-fact caused by Defendants' negligent deception.

WHEREFORE, Plaintiffs, DON PRIOLEAUX, LA'KETHA PRIOLEAUX, PRIOLEAUX, LLC, SHUBHI SETHI, SHUMO GLOBAL, LLC, NAVEEN GUPTA, and ONESEVA, INC, respectfully request an award against Defendants, STAC BIZNESS SOLUTIONS LLC and SHAWNA AHO in an amount in excess of $2,000,000 to be determined at trial and for any and all other relief deemed necessary and appropriate under the circumstances.

### COUNT VI
### *Violation of New York Franchise Act (NYFA)*

130.    Kiran Thakkar, Dipti Thakkar, and Shreeji Beauty, LLC, repeat and reallege the allegations contained in Paragraphs 1 through 90 of the Complaint as Paragraph 130 of Count VI of the Complaint as though fully set forth herein.

131.    The NYFA provides:

It is unlawful for a person, in connection with the offer, sale or purchase of any franchise, to directly or indirectly: (a) Employ any device, scheme, or artifice to defraud. (b) **Make any untrue statement of a material fact or omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading**. It is an affirmative defense to one accused of omitting to state such a material fact that said omission was not an intentional act. (c) Engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

NY CLS Gen Bus § 687 (Emphasis Added)

132.    The NYFA  provides:

"Person" means an individual, corporation, partnership, joint venture, association, company, trust, unincorporated organization or other entity and shall include any other person that has a substantial interest in or effectively controls such person, as well as the individual officers, directors, general partners, trustees **or other individuals in control of the activities of each such person**.

NY CLS Gen Bus § 681 (Emphasis Added)

133. Aho was employed by the Franchisor and performed the function of drafting the Item 19 disclosure and materially aided in the misrepresentations.

134. Stac was employed by the Franchisor and performed the function of drafting the Item 19 disclosure and materially aided in the misrepresentations.

135. Through the means described above, Aho represented, expressly or by implication, in the Item 19 disclosure issued in New York and directed at Plaintiffs but only included the most profitable franchises.

136. Aho intended for Plaintiffs to rely on her negligent misrepresentations and induced them to purchase a franchise and related services including bookkeeping services from Stac.

137. Defendants' misleading statements occurred during the marketing and sale of Defendants' business and related services in the course of trade and commerce in the state of New York.

138. As a result of Defendant's violations of the NYFA as described herein, Plaintiffs have been harmed and suffered actual damages and injury-in-fact caused by Defendants' negligent deception.

WHEREFORE, Plaintiffs, KIRAN THAKKAR, DIPTI THAKKAR, and SHREEJI BEAUTY, LLC, and ONESEVA, INC, respectfully request an award against Defendants, STAC BIZNESS SOLUTIONS LLC and SHAWNA AHO in an amount in excess of $500,000 to be determined at trial and for any and all other relief deemed necessary and appropriate under the circumstances.

Respectfully submitted,

**ELLEN BARNES; FREEDOM IS BEAUTIFUL, INC.; RAVI BAJAGUR; SEVASYS, LLC; JOHN BEST; SIGNAL SEVA, LLC; HASMUKH BHADIYADRA; DHAIRYA, INC.; LANCE AFOLABI; CAMGOLAN ENTERPRISES, LLC; MARTIN ELLERTSON; RAYMOND TODD GREGGS; PAT GUARIGLIA; ME TIME, LLC; BRIAN HUNTER AND MADONNA HUNTER; BAM HUNTERS, INC.; LIONEL MARTINEZ; LIONEL MARTINEZ, LLC; NAVEEN GUPTA; ONESEVA, INC; NEELAM PATEL AND VIPUL PATEL; LEISHA ENTERPRISE, LLC; STEPHANIE SIMON AND DELLENA PRIESTER; NEW JOY, LLC; NIHARIKABEN PATEL; ANITA PARASHAR; ANITA ENTERPRISE, INC.; DON & LA'KETHA PRIOLEAUX, PRIOLEAUX, LLC; BEN RODRIGUEZ; RAZOR, LLC; SHUBHI SETHI; SHUMO GLOBAL LLC; VIJAY GUPTA; GLOW BEAUTY, INC.; ROBERT WILLIAMS; JENEM BEAUTE 1, INC.; JOHN SULLIVAN; JCS MANAGEMENT SYSTEMS, INC.; KIRAN THAKKAR; DIPTI THAKKAR; and SHREEJI BEAUTY, INC**
Plaintiffs


By*: /s/David Eisenberg*
        Attorney for Plaintiff

Alexander Loftus, Esq.
David Eisenberg, Esq.
LOFTUS & EISENBERG, LTD.
161 N. Clark, Suite 1600
Chicago, Illinois 60601
T: 312.899.6625
C: 312.772.5396
david@loftusandeisenberg.com

Dated:  July 26, 2021